UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN GREENE, | ) | Case No. 4:06CV1004 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | Magistrate Judge George J. Limbert |
| vs. | ) | |
| | ) | |
| DAVID BOBBY, Warden, | ) | <u>REPORT AND RECOMMENDATION</u> |
| | ) | <u>OF MAGISTRATE JUDGE</u> |
| Respondent. | ) | |

This matter is before the Court on a petition filed pursuant to 28 U.S.C. § 2254 for a writ of federal habeas corpus filed by Shawn Greene ("Petitioner"). ECF Dkt. #1. For the following reasons, the undersigned recommends that this Court DISMISS the instant petition for writ of habeas corpus with prejudice.

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted by the 1999 Term of the Mahoning County Grand Jury on one count of murder in violation of Ohio Revised Code §2903.02(A)(B), with a firearm specification. ECF Dkt. 8, Attachment 1. Upon arraignment, Petitioner entered a plea of not guilty, and the cause came on for trial by jury. ECF Dkt. #8, Attachment 1. However, once the jury was seated, the prosecution became aware of three additional witnesses. After a defense motion to exclude the witnesses was denied, Petitioner filed an unopposed motion for a mistrial, which was granted on October 27, 2000. ECF Dkt. #8, Attachment 1.

Prior to the start of his second trial, Petitioner filed a motion to dismiss, based on double jeopardy grounds. ECF Dkt. #8, Attachment 1. The State filed a response. ECF Dkt. #8, Attachment 2. The motion was transferred to a different judge for disposition, an evidentiary hearing was held, and the motion to dismiss was ultimately denied. ECF Dkt. #8, Attachment 2. The case proceeded to trial, and Petitioner was found guilty as charged. ECF Dkt. #8, Attachment 2. On June 6, 2002, Petitioner was sentenced to fifteen years to life, consecutive to a three year mandatory term on the firearm specification conviction. ECF Dkt. #8, Attachment 2. On August 21, 2002, the trial court entered an amended judgment entry to correct a typographical error. ECF Dkt. #8, Attachment 2.

Petitioner timely appealed his conviction to the Ohio Court of Appeals for the Seventh District, where he raised the following assignments of error:

1. The trial court erred by not allowing appellant to introduce specific evidence of decedent's violent nature at trial to establish and corroborate appellant's claim of self-defense.

2. The trial court erred by admitting other act allegedly committed by appellant.

3. The trial court erred in not granting appellant's motion for mistrial.

4. The trial court erred in refusing to dismiss the case with prejudice after state invited mistrial for failing to disclose identity of three witnesses until after a jury view was sworn and taken.

ECF Dkt. #8, Attachment 3. The State filed its brief that included a cross-appeal argument with regard to the jury voluntary manslaughter instruction. ECF Dkt. #8, Attachment 4. On March 23, 2004, the Court of Appeals issued an opinion that affirmed the trial court judgment and dismissed the State's cross-appeal as moot. ECF Dkt. #8, Attachment 5.

On July 28, 2004, Petitioner filed an application to reopen his direct appeal ("Murnahan application"), in which he challenged the effectiveness of appellate counsel. ECF Dkt. #8, Attachment 5. The Court of Appeals dismissed Petitioner's Murnahan application as untimely. ECF Dkt. #8, Attachment 5. However, upon reconsideration, the Court reopened the appeal and allowed Petitioner to submit a transcript of the December 27, 2000 double jeopardy hearing, and to brief the issue of whether appellate counsel was ineffective for failing to review and submit the transcript. ECF Dkt. #8, Attachment 6. On February 7, 2005, Petitioner filed his brief. ECF Dkt. #8, Attachment 6. The State filed a brief in opposition. ECF Dkt. #8, Attachment 6. On August 10, 2005, the Court of Appeals issued an opinion denying Petitioner's Murnahan application. ECF Dkt. #8, Attachment 7.

Petitioner appealed to the Ohio Supreme Court, where he filed a memorandum in support of jurisdiction that contained the following proposition of law:

> 1. A criminal defendant is denied the constitutional right to the effective assistance of counsel when appellate counsel fails to obtain, review, and submit into the record a hearing transcript which proves that the trial court abused its discretion.

ECF Dkt. #8, Attachment 7. The State filed a memorandum in response. ECF Dkt. #8, Attachment 7. On January 25, 2006, the Ohio Supreme Court dismissed Petitioner's appeal. ECF Dkt. #8, Attachment 7.

On April 24, 2006, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he asserts the following two (2) grounds for relief:

> 1. Petitioner was denied his constitutional right to effective assistance of appellate counsel on direct appeal.
>
> 2. Petitioner's conviction was obtained in violation of the constitutional protection against double jeopardy.

-3-

ECF Dkt. #1. On August 23, 2006, Respondent filed a Return of Writ. ECF Dkt. #8. On October 16, 2006, Petitioner filed a traverse. ECF Dkt. #s 10, 11. On January 19, 2007, Respondent filed a supplemental return of writ to include the full text of the Court of Appeals decision from Petitioner's direct appeal that was incorrectly attached with three pages missing in the original return of writ. ECF Dkt. #12, Attachment 1; *See* ECF Dkt. #8, Attachment 6 at 1-9.

## II. STANDARD OF REVIEW

Since Petitioner filed his habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), standards apply. *See Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

### A. Procedural Barriers to Review

Before a reviewing court will review the merits of a federal petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Namely, a habeas petitioner must surmount the barriers of time limitation, exhaustion and procedural default.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th

Cir. 2000).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because of the petitioner's noncompliance with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730. However, when the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 751 (1991). "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

-5-

### B. Standard of Review for Merits of a Claim

When a habeas petitioner overcomes the aforementioned procedural obstacles, the AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
>> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).

Under the "contrary to" clause, federal courts may only grant the petitioner's writ if the state court's decision contradicts Supreme Court precedent on a question of law or if, in a case with facts materially indistinguishable from a Supreme Court case previously decided, the state court reaches an outcome different from that required by the Supreme Court's decision. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The "unreasonable application" clause permits a federal court to grant habeas relief only if the state court applies a correct legal principle to the facts of the case in an objectively unreasonable manner. *Id*. at 411. The Supreme Court has cautioned that a "federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.; see also Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001).

## III. ANALYSIS

Petitioner argues that he was denied the right to effective assistance of appellate counsel and his conviction was obtained in violation of the prohibition against Double Jeopardy. ECF Dkt. #1. The undersigned will address each ground for relief in turn.

### A. Petitioner's First Ground for Relief

In order to prove a case of ineffective assistance of appellate counsel, a petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 688, 694 (1984). Since a claim of ineffective assistance of counsel presents a mixed question of fact and law, the "unreasonable application" prong of 28 U.S.C. § 2254(d)(1) applies. *Barnes v. Elo*, 339 F.3d 496, 501 (6th Cir. 2003). Thus, to succeed on an ineffective assistance of counsel claim, Petitioner must demonstrate that the state courts applied the *Strickland* standard in an objectively *unreasonable* manner, which is more than just erroneously or incorrectly. *Williams v. Taylor*, 529 U.S. 362, 411 (2000) (emphasis added); *see also Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001). Moreover, judicial scrutiny of counsel's performance must be highly deferential; indeed, the court must presume that the challenged action is sound trial strategy. *Michel v. Louisiana*, 350 U.S. 91, 101 (1955).

Petitioner argues that his appellate counsel was deficient in failing to provide the transcript from the double jeopardy hearing to the appellate court on direct appeal. ECF Dkt. #1. As a result, the Court of Appeals reviewed the trial court's decision rejecting Petitioner's double jeopardy argument without reviewing the hearing transcript. *See* ECF Dkt. #12, Attachment 1. Even assuming that this was deficient performance, Petitioner cannot show that he was prejudiced by

counsel's omission. In order to fulfill the prejudice prong, Petitioner would have to show that but for counsel's failure to file the transcript, the outcome of the appeal would have been different.

In this case, Petitioner filed a motion to re-open his direct appeal. This motion was granted, and the Ohio Court of Appeals addressed the issue of double jeopardy with the benefit of the hearing transcript. ECF Dkt. #8, Attachment 7. In so doing, the Court of Appeals effectively explained that even with the hearing transcript on the initial direct review, their decision would not have been different. Specifically, the Court found that the trial court had not "lost its way in determining that the prosecution did not deliberately engage in misconduct with the intent to goad appellant into seeking a mistrial." ECF Dkt. #8, Attachment 7 at 7.

In making this determination, the Court of Appeals applied the factors set forth in *Oregon v. Kennedy*, 456 U.S. 667 (1982) (Powell, J., concurring). In *Kennedy*, the Supreme Court explained that a retrial is not barred after the trial court grants a defendant's motion for a mistrial unless the motion was incited by prosecutorial misconduct that was intentionally calculated to cause or invite a mistrial. *Id.* To determine whether the prosecutorial misconduct was intentionally calculated to cause a mistrial, the court should consider:

> (1) whether there was a sequence of overreaching prior to a single prejudicial incident;
> (2) whether the prosecutor resisted or was surprised by the request for a mistrial; and
> (3) the findings of the court concerning intent.

*Id.* at 680 (Powell, J., concurring). The Appeals Court found there were no indications of other incidents prior to the unidentified witnesses appearing, that the prosecution agreed to the mistrial only after Petitioner refused the offer of a continuance and relied upon the trial court's credibility determinations concerning the lack of intent on the prosecutor's part to invite the mistrial. ECF Dkt.

#8, Attachment 7 at 6-7.  Thus, the Court reasoned that since the trial court did not err in denying Petitioner's motion to dismiss based on double jeopardy, that Petitioner was not prejudiced by counsel's failure to file the transcript on the initial direct appeal.  *See id.* at 4, 7.

Therefore, the undersigned cannot conclude the state court's decision contradicts Supreme Court precedent or that it was unreasonable in light of the facts of the case.  Accordingly, the undersigned recommends that the Court DENY Petitioner's first ground for relief.

### B. Petitioner's Second Ground for Relief

The Double Jeopardy Clause states that, "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V.  In *Oregon v. Kennedy*, 456 U.S. 667 (1982), the Court recognized that where a defendant successfully moves for a mistrial, double jeopardy only bars a second trial where the conduct that gave rise to the mistrial was prosecutorial or judicial conduct intended to provoke the defendant into moving for the mistrial.

On direct appeal, the Court of Appeals set forth the facts of the case:

> This case originally proceeded with jury selection in October 2000. In fact, the jury was empanelled, and a jury view of the crime scene was conducted. However, prior to commencement of testimony, the state disclosed that it just discovered the names of three additional witnesses. Apparently, appellant moved for exclusion of the testimony of these witnesses, which the trial court denied. Instead, the trial court offered a continuance or a mistrial and gave defense counsel the opportunity to interview Ms. Bell and Mr. Butler in the Victim-Witness Office before deciding which option to pursue. Appellant asked for a mistrial, which the trial court granted.
>
> Appellant soon filed a motion to dismiss on the basis of double jeopardy. The trial judge recused itself from ruling on the issue and a different judge held a hearing on the matter and decided the issue. On December 28, 2000, in a three and one-half page judgment entry, the court denied the motion to dismiss. The court found that after the jury view, the prosecutor was called to the Victim-Witness Office to speak with Ms. Bell. Ms. Bell brought Mr.

> Butler with her to testify against appellant. The court believed that this was the first time the prosecutor learned the last name and address of this witness and of the existence of his two companions who could corroborate his testimony. The court determined that defense counsel chose to seek a mistrial rather than request the offered continuance, and thus, the case should not be dismissed on double jeopardy grounds.

ECF Dkt. #12, Attachment 1 at 9-10; *See* ECF Dkt. #8, Attachment 6 at 1-9. As explained above, the Court of Appeals applied three factors outlined by the United States Supreme Court to determine if prosecutorial misconduct was deliberately calculated to cause a mistrial. *Oregon v. Kennedy*, 456 U.S. 667, 680 (1982) (Powell, J., concurring). The Appeals Court found there were no indications of other incidents prior to the unidentified witnesses appearing, that the prosecution agreed to the mistrial only after Petitioner refused the offer of a continuance and relied upon the trial court's credibility determinations concerning the lack of intent on the prosecutor's part to invite the mistrial. ECF Dkt. #8, Attachment 7 at 6-7. Thus, the Court concluded that the trial court did not err in denying Petitioner's motion to dismiss based on double jeopardy. *See id.* at 7.

Petitioner argues that the Prosecution did know of the existence of the three witnesses before the trial started, that a thorough investigation would have led to the identification of the witnesses and that together, this was misconduct. ECF Dkt. #10 at 13. Upon review of the hearing transcript, it is apparent that the prosecution knew of the existence of the three men playing basketball at the time of the events that precipitated the trial, but failed to investigate their identities or whereabouts. ECF Dkt. #8, Attachment 3 at 21-22. However, the trial court found that there was no intent on the part of the prosecution to invite or cause a mistrial when it moved to have the testimony of the three newly identified witnesses admitted at trial. *Id.* at 23. Rather, it was lack of diligence, not some malignant animus on the part of the prosecution that caused the late notice of these witnesses. *Id.*

The Court of Appeals relied on this credibility determination in affirming the trial court's decision. Despite Petitioner's arguments, it is not the purpose of a habeas court to reweigh testimony or reevaluate the credibility of witnesses. *See Norris v. Schotten*, 146 F.3d 314, 331 (6th Cir. 1998); *United States v. Jackson*, 55 F.3d 1219, 1225 (6th Cir. 1995); *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992).

Based on the foregoing, the undersigned cannot conclude the state court's decision contradicts Supreme Court precedent, that it misapplied federal law or that it was unreasonable in light of the facts of the case. Accordingly, the undersigned recommends that the Court DENY Petitioner's second ground for relief.

## IV.  CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court DISMISS Petitioner's instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 with prejudice. ECF Dkt. #1.

Date: January 23, 2007                                              */s/George J. Limbert*
                                                                                     George J. Limbert
                                                                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).